### Sarah M. Bue *v.* Alexander R. Splane.

A letter from plaintiff's attorney to defendant, offered in evidence by the latter, is inadmissible, where the attorney is in court, and willing to be examined as a witness.

Appeal from the Court of Probates of St. Mary, *Dumartrait*, J. *Gibbon*, for the plaintiff.

*Splane*, appellant, *pro se.*

Bullard, J. This is an action instituted in the Court of Probates by the plaintiff to cause herself to be recognised as the sole heir-at-law of one James Bue, whose estate is administered by the defendant Splane, as a vacant estate. The curator denied her heirship, but the court below, being satisfied with the evidence on that point, gave judgment in her favor, and ordered the curator to render her an account of his administration, and he has appealed.

At the last term of this court, the appellant obtained a rule on the judge to show cause why a peremptory mandamus should not issue, commanding him to sign a bill of exceptions which he had refused to sign in the progress of the trial. It appears that the

defendant offered to read in evidence a letter from the plaintiff's attorney, addressed to him. This was objected to, as the attorney was present in court, and willing to be examined as a witness. A bill of exceptions was then tendered, in which it is stated that the letter rejected by the court was annexed, and for that reason the judge refused to sign it. The letter was clearly inadmissible, and it was not material whether it accompanied the bill of exceptions, or not. We have acted as if the bill had been signed, the letter being in the record. It relates merely to the account which his client had given him of the deceased, her half brother, which differed from the testimony of the principal witnesses in some particulars.

Upon the merits, we concur with the Court of Probates, that the heirship was sufficiently proved.

*Judgment affirmed.*